

CF    D.C.

Apr 7, 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**11-20256-CR-JORDAN/O'SULLIVAN**

CASE NO:_____

16 U.S.C. § 3372(d)(2)
16 U.S.C. § 3373(d)(3)(A)
18 U.S.C. § 2
18 U.S.C. § 371
21 U.S.C. § 331(a)
21 U.S.C. § 333(a)(2)
21 U.S.C. § 343(a)(1)

UNITED STATES OF AMERICA

vs.

RICHARD STOWELL and
UNITED SEAFOOD IMPORTS, INC.,

_____ **Defendants.** _____/

# INFORMATION

The United States Attorney charges that:

## BACKGROUND

At all times relevant to this Information:

1. **UNITED SEAFOOD IMPORTS, INC.** ("**UNITED**") was a seafood company incorporated in the State of Florida, on September 14, 1984, with its principal place of business located at 5500 1st Avenue North, St. Petersburg, Florida 33710.

2. **UNITED** is a Florida based seafood wholesaler engaged in various aspects of purchasing, importing, processing, packing, selling, and exporting seafood products, including shrimp.

3. **RICHARD R. STOWELL** ("**RICHARD STOWELL**") was the President and sole shareholder of **UNITED**.

4. SHIFCO, INC. ("SHIFCO") was a seafood company incorporated in the State of Florida, on March 13, 1975, administratively dissolved on August 25, 1995, and reinstated on September 28, 1995, with its principal place of business located at 2254 W. 77th Avenue, Hialeah, Florida 33016.

5. MARK PLATT was the President and majority shareholder of SHIFCO.

6. "COMPANY A" was a food wholesaler based in Keene, New Hampshire, engaged in various aspects of distributing food to supermarkets, retail stores and military bases across the United States.

7. "COMPANY B" was a cold storage company located in Medley, Florida, engaged in various aspects of providing refrigerated warehouse services for, *inter alia,* shrimp and other seafood.

**The Lacey Act**

8 The Lacey Act makes it unlawful for a person to make or submit any false record, account, or label for, or any false identification of, any fish or wildlife which has been, or is intended to be, imported, exported, transported, sold, purchased, or received from any foreign country or transported in interstate or foreign commerce. 16 U.S.C. §§ 3372(d)(1) and 3372(d)(2).

9. Pursuant to the Lacey Act, the term "fish or wildlife" means any wild animal, specifically to include fish, whether alive or dead, whether or not bred, hatched, or born in captivity, and includes any part, product, egg, or offspring thereof. 16 U.S.C. § 3371(a).

**Misbranding**

10. The importation into the United States of food, drugs, devices, and cosmetics is governed by the provisions of the Food, Drug, and Cosmetic Act ("FDCA"), which is administered

by the United States Food and Drug Administration ("FDA"). The FDCA prohibits the importation of food that is misbranded. 21 U.S.C. § 331. Food is deemed misbranded when it contains a label that is false or misleading in any particular. 21 U.S.C. § 343(a)(1).

### COUNT 1
**Conspiracy**
**(18 U.S.C. §371)**

1. Paragraphs 1 through 10 of the Background section of this Information are realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around January 25, 2007, and continuing through on or about August 7, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RICHARD STOWELL and**
**UNITED SEAFOOD IMPORTS, INC.,**

did knowingly and with the intent to further the objects of the conspiracy combine, conspire, confederate, and agree with each other and with persons known and unknown to the United States Attorney to commit any offense against the United States, as follows:

(a) To knowingly make and submit any false record, account, and label for, and any false identification of shrimp, specifically, shrimp having a market value greater than $350, which shrimp had been, and was intended to be transported in interstate and foreign commerce, and said conduct knowingly involved the sale and purchase, offer of sale and purchase, and the intent to sell and purchase shrimp, in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii);

(b) To knowingly and with intent to defraud and mislead introduce and deliver for introduction into, and to cause to be introduced and delivered into interstate commerce, any food that is misbranded, in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), and 343(a)(1)

and (b).

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by introducing a less marketable substituted seafood product, "Shrimp, Product of Thailand," "Shrimp, Product of Malaysia," and "Shrimp, Product of Indonesia," into the United States seafood market, which was misbranded, marketed, and intended to be marketed as "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and "Shrimp, Product of Honduras," each more readily marketable seafood products.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **UNITED** purchased approximately one million pounds of shrimp in boxes labeled "Shrimp, Product of Thailand," "Shrimp, Product of Malaysia," and "Shrimp, Product of Indonesia."

5. **UNITED**, under the direction of **RICHARD STOWELL,** had the shrimp delivered to MARK PLATT at SHIFCO.

6. **UNITED** instructed MARK PLATT and others at SHIFCO to repackage and re-label the shrimp as "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and "Shrimp, Product of Honduras."

7. **RICHARD STOWELL** and **UNITED** employees at their direction and control, specified, designed, ordered, procured, had printed, and caused to be procured by SHIFCO, individual packaging and plastic bags pre-printed with "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and "Shrimp, Product of Honduras." These bags were used by SHIFCO in

repackaging the "Shrimp, Product of Thailand," "Shrimp, Product of Malaysia," and "Shrimp, Product of Indonesia," as "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and "Shrimp, Product of Honduras."

8. **MARK PLATT** and **SHIFCO** employees at **PLATT**'s direction, communicated with employees under the direction and control of **RICHARD STOWELL** regarding repackaging shrimp into bags and boxes bearing the alternative labels, "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and "Shrimp, Product of Honduras," for **UNITED**.

9. **MARK PLATT** instructed various employees at SHIFCO's Hialeah facility to divide the shrimp received from Thailand, Malaysia, and Indonesia, into smaller count portions, and mark them as "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and, "Shrimp, Product of Honduras," on the individual packages, and place them in boxes, also marked "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," and "Shrimp, Product of Honduras."

10. **UNITED**, and employees under the direction and control of **RICHARD STOWELL**, managed and directed the labeling operations of SHIFCO by providing instructions and other directives to **MARK PLATT**.

11. **UNITED** sold the shrimp that was relabeled by SHIFCO to COMPANY A, which in turn subsequently sold said shrimp to a supermarket chain headquartered in Landover, Maryland.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects and purpose thereof, there was committed and caused to be committed, by at least one co-conspirator, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about January 25, 2007, **UNITED** purchased 1650 cases of shrimp, "Product of Malaysia," from a Coral Gables, Florida based seafood company and stored the 1650 cases of shrimp at COMPANY B in Medley under lot number 81894M.

2. On or about January 26, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 86678M.

3. On or about January 26, 2007, **UNITED** faxed an order sheet to COMPANY B releasing 480 cases of "Shrimp, Product of Malaysia," lot number 81894M, to SHIFCO.

4. On or about January 29, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 86732M.

5. On or about January 29, 2007, **UNITED** faxed an order sheet to COMPANY B releasing 300 cases of "Shrimp, Product of Malaysia," lot number 81894M to SHIFCO.

6. On or about January 30, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 86850M.

7. On or about January 31, 2007, **UNITED** faxed an order sheet to COMPANY B releasing 300 cases of "Shrimp, Product of Malaysia," lot number 81894M to SHIFCO.

8. On or about February 1, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 86894M.

9. On or about February 2, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 86957M.

10. On or about February 5, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 87064M.

11. On or about February 5, 2007, **UNITED** faxed an order sheet to COMPANY B instructing COMPANY B to release 270 cases of "Shrimp, Product of Malaysia," lot number 81894M, to SHIFCO.

12. On or about February 6, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot numbers 87131M and 87133M.

13. On or about February 7, 2007, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Malaysia" into bags labeled "Product of Ecuador" and delivered the shrimp to **UNITED**'s account at COMPANY B, stored under lot number 87227M.

14. On or about February 14, 2007, **UNITED** sold approximately 320 cases of shrimp, stored at COMPANY B under lot numbers 87064M and 87133M, all product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

15. On or about March 5, 2007, **UNITED** sold approximately 20 cases of shrimp, stored at COMPANY B under lot number 87133M, a product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

16. On or about March 26, 2007, **UNITED** sold approximately 526 cases of shrimp, stored at COMPANY B under lot numbers 86678M, 86850M, 86894M, and 86957M, all product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

17. On or about March 27, 2007, **UNITED** sold approximately 191 cases of shrimp, stored at COMPANY B under lot numbers 86732M and 86850M, all product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

18. On or about April 3, 2007, **UNITED** sold approximately 200 cases of shrimp, stored at COMPANY B under lot numbers 86732M and 87131M, all product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

19. On or about April 4, 2007, **UNITED** sold approximately 200 cases of shrimp, stored at COMPANY B under lot numbers 87131M and 87227M, all product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

20. On or about April 17, 2007, **UNITED** sold approximately 193 cases of shrimp, stored at COMPANY B under lot number 87227M, a product of Malaysia, that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Ecuador, to COMPANY A.

21. On or about November 27, 2008, **UNITED** imported 1650 cases of shrimp, "Product of Thailand," and stored the 1650 cases of shrimp at COMPANY B on or about December 2, 2008, under lot number 16810M.

22. On or about January 15, 2009, **UNITED** faxed an order sheet to COMPANY B releasing 119 cases of "Shrimp, Product of Thailand," lot number 16810M to SHIFCO.

23. On or about January 19, 2009, **UNITED** purchased 1650 cases of "Shrimp, Product of Thailand," from a Thailand based seafood company and stored the 1650 cases of shrimp, at COMPANY B under lot number 17875M.

24. On or about February 20, 2009, **UNITED** faxed an order sheet to COMPANY B, releasing 210 cases of "Shrimp, Product of Thailand," lot number 17875M to SHIFCO.

25. On or about March 25, 2009, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Thailand," into bags labeled "Product of

Honduras" and delivered the shrimp to **UNITED**'s account at COMPANY B, where the shrimp was stored under lot number 22719M.

26.     On or about April 13, 2009, **UNITED** sold 210 cases of shrimp, lot number 22719M, a product of Thailand that had been falsely relabeled and repackaged to reflect the shrimp was a product of Honduras.

27.     On or about June 16, 2009, **UNITED** purchased 1600 cases of "Shrimp, Product of Indonesia," from a Gloucester, Massachusetts based seafood company and stored the 1600 cases of shrimp at COMPANY B, where the shrimp was stored under lot number 29214M.

28.     On or about June 24, 2009, **UNITED** faxed an order sheet to COMPANY B releasing 100 cases of "Shrimp, Product of Indonesia," lot number 29214M to SHIFCO.

29.     On or about June 24, 2009, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Indonesia" into bags labeled "Product of Panama" and delivered the shrimp to **UNITED**'s account at COMPANY B, where the shrimp was stored under lot number 29459M.

30.     On or about July 2, 2009, **UNITED** sold approximately 52 cases of shrimp, stored at COMPANY B under lot number 29459M, a product of Indonesia, that had been falsely relabeled and repackaged to reflect the shrimp was a product of Panama, to COMPANY A.

31.     On or about July 17, 2009, **UNITED** imported 1650 cases of "Shrimp, Product of Thailand," and stored the 1650 cases of shrimp at COMPANY B on or about July 20, 2009, under lot number 30404M.

32. On or about the approximate dates listed below, **UNITED** faxed order sheets, as specified in each paragraph, to the identified recipient companies, as to each paragraph, directing the facsimile recipient to release cases of shrimp, product of discrete countries, as specified in each paragraph, stored at said recipient company under the identified lot number, as specified in each paragraph as follows:

| PARA. | APPROX. DATE | RECIPIENT | CASES | PRODUCT ORIGIN | LOT NO. |
|---|---|---|---|---|---|
| 33 | 07/30/2009 | COMPANY B | 420 | THAILAND | 30404M |
| 34 | 07/31/2009 | COMPANY B | 420 | THAILAND | 30404M |
| 35 | 08/03/2009 | COMPANY B | 420 | THAILAND | 30404M |
| 36 | 08/03/2009 | COMPANY B | 390 | THAILAND | 30404M |

37. On or about August 3, 2009, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Thailand" into bags labeled "Product of Panama" and delivered the shrimp to **UNITED**'s account at COMPANY B, where it was stored under lot number 31128M.

38. On or about August 3, 2009, **UNITED** sold approximately 36 cases of shrimp, stored at COMPANY B under lot number 31128M, a product of Thailand that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Panama, to COMPANY A.

39. On or about August 5, 2009, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Thailand" into bags labeled "Product of Panama"

and delivered the shrimp to **UNITED**'s account at COMPANY B, where the shrimp was stored under lot number 31303M.

40. On or about August 6, 2009, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Thailand" into bags labeled "Product of Panama" and delivered the shrimp to **UNITED**'s account at COMPANY B, where the shrimp was stored under lot numbers 31354M and 31355M.

41. On or about August 6, 2009, **UNITED** sold approximately 597 cases of shrimp, stored at COMPANY B under lot numbers 31303M, 31354M and 31355M, all product of Thailand that had been falsely relabeled and repackaged to reflect that the shrimp was a product of Panama, to COMPANY A.

42. On or about August 7, 2009, employees of SHIFCO, acting on instructions from **UNITED**, repackaged shrimp labeled "Product of Thailand" into bags labeled "Product of Panama" and delivered the shrimp to **UNITED**'s account at COMPANY B, where the shrimp was stored under lot numbers 31394M and 31395M.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-14
### Lacey Act-False Labeling
### (16 U.S.C. §§ 3372 (d)(2), 3373(d)(3)(A)(ii))

1. Paragraphs 1 through 10 of the Background section of this Information are realleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RICHARD R. STOWELL and**
**UNITED SEAFOOD IMPORTS, INC.,**

did knowingly engage in an offense that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase shrimp with a market value greater than $350.00, that is, approximately 2,787 cases of shrimp, and did knowingly make and cause to be made any false record, account, label for, and any false identification of said shrimp, in that the defendants created and caused to be created individual labels, pre-printed bags, and other documents falsely identifying the shrimp as being "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," or "Shrimp, Product of Honduras," as specified for each Count, when in truth and in fact, as the defendants then knew, the shrimp was "Shrimp, Product of Thailand," "Shrimp, Product of Malaysia," or "Shrimp, Product of Indonesia," as specified in each Count, said shrimp having been and intended to be transported in interstate and foreign commerce, as set forth below:

| COUNT | APPROX. DATE | CASES | ORIGIN | FALSE ORIGIN | APPROX. VALUE |
|---|---|---|---|---|---|
| 2 | 01/26/2007 | 180 | Malaysia | Ecuador | $24,912.00 |
| 3 | 01/29/2007 | 300 | Malaysia | Ecuador | $41,520.00 |
| 4 | 01/30/2007 | 210 | Malaysia | Ecuador | $29,064.00 |
| 5 | 02/01/2007 | 180 | Malaysia | Ecuador | $19,376.00 |
| 6 | 02/02/2007 | 49 | Malaysia | Ecuador | $ 6,781.00 |
| 7 | 02/05/2007 | 280 | Malaysia | Ecuador | $38,752.00 |
| 8 | 02/06/2007 | 270 | Malaysia | Ecuador | $39,852.00 |

| 9  | 03/25/2009 | 210 | Thailand  | Honduras | $16,469.60 |
| 10 | 06/24/2009 | 59  | Indonesia | Panama   | $ 8,165.60 |
| 11 | 08/03/2009 | 36  | Thailand  | Panama   | $ 4,982.40 |
| 12 | 08/05/2009 | 300 | Thailand  | Panama   | $41,520.00 |
| 13 | 08/06/2009 | 352 | Thailand  | Panama   | $48,716.80 |
| 14 | 08/07/2009 | 361 | Thailand  | Panama   | $49,962.40 |

In violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), and Title 18, United States Code, Section 2.

## COUNTS 15-24
## Misbranded Food
## (21 U.S.C. §§ 331(a), 333(a)(2), 343(a)(1) and 18 U.S.C. § 2)

1. Paragraphs 1 through 10 of the Background section of this Information are realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RICHARD STOWELL, and
UNITED SEAFOOD IMPORTS, INC.,**

did knowingly engage in an offense that involved the introduction and delivery for introduction into interstate commerce of a food that is misbranded, with the intent to defraud or mislead, that is, approximately 2,345 cases of shrimp, in that the defendants created and caused to be created individual labels, pre-printed bags, and other documents falsely identifying the shrimp as being "Shrimp, Product of Panama," "Shrimp, Product of Ecuador," or "Shrimp, Product of Honduras,"

14

as specified in each Count, when in truth and in fact, as the defendants then knew, the shrimp was "Shrimp, Product of Thailand," "Shrimp, Product of Malaysia," or "Shrimp, Product of Indonesia," as specified in each Count, said shrimp having been and intended to be transported in interstate commerce, as indicated below:

| COUNT | APPROX. DATE | CASES | ORIGIN | FALSE ORIGIN | VALUE |
|---|---|---|---|---|---|
| 15 | 02/14/2007 | 320 | Malaysia | Ecuador | $57,736.00 |
| 16 | 03/05/2007 | 20 | Malaysia | Ecuador | $ 3,596.00 |
| 17 | 03/26/2007 | 526 | Malaysia | Ecuador | $72,798.40 |
| 18 | 03/27/2007 | 191 | Malaysia | Ecuador | $26,434.40 |
| 19 | 04/04/2007 | 200 | Malaysia | Ecuador | $27,680.00 |
| 20 | 04/17/2007 | 193 | Malaysia | Ecuador | $26,711.20 |
| 21 | 04/13/2009 | 210 | Thailand | Honduras | $29,064.00 |
| 22 | 07/02/2009 | 52 | Indonesia | Panama | $ 7,196.80 |
| 23 | 08/03/2009 | 36 | Thailand | Panama | $ 4,982.40 |
| 24 | 08/06/2009 | 597 | Thailand | Panama | $82,624.80 |

In violation of Title 21, United States Code, Sections 331(a), 333(a)(2) and 343(a)(1), and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

1. The Background allegations and the allegations of Counts 1 through 14 of this Information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

15

2. Upon conviction of any of the violations alleged in Counts 1 through 14 of this Information, the defendants, **RICHARD STOWELL** and **UNITED SEAFOOD IMPORTS, INC.**, shall forfeit to the United States, pursuant to Title 16, United States Code, Section 3374(a)(1), all fish, shrimp or wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto, including but not limited to the following:

> Approximately Seventy Thousand Four Hundred and Seventy dollars ($70,470.00) in United States currency, which represents the proceeds of the sale of approximately 31,320 pounds of shrimp, sold pursuant to Title 15, Code of Federal Regulation, Section 904.505.

All pursuant to Title 28, United States Code, Section 2461(c), Title 16, United States Code, Section 3374(a)(1), Title 15, Code of Federal Regulation, Section 904.505(d), and the procedures set forth at Title 21, United States Code, Section 853.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
NORMAN O. HEMMING, III
ASSISTANT U.S. ATTORNEY

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RICHARD STOWELL and
UNITED SEAFOOD IMPORTS, INC.,

        Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

| | | |
|---|---|---|
| X | Miami | ____ Key West |
| ____ | FTL | ____ WPB ____ FTP |

New Defendant(s)          Yes ____  No ____
Number of New Defendants  ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)    __No__
   List language and/or dialect  _____

4. This case will take __0__ days for the parties to try. **Information**

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days         __0(Plea)__     Petty    ____
   II   6 to 10 days        ____            Minor    ____
   III  11 to 20 days       ____            Misdem.  ____
   IV   21 to 60 days       ____            Felony   __X__
   V    61 days and over    ____

6. Has this case been previously filed in this District Court? (Yes or No)  __No__
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers:  __10-20678-CR-UNGARO/SIMONTON__
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   __NO__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

_____
NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500680

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __RICHARD STOWELL__

Case No: _____

**COUNT 1:**

Conspiracy to Falsely Label and Misbrand Food

Title 18, United States Code, Section 371

*Max. Penalty:    5 Years' Imprisonment

**COUNTS 2-14:**

False Labeling of Seafood

Title 16, United States Code, Section 3372(d)(2)

*Max. Penalty:    5 Years' Imprisonment

**COUNTS 15-24:**

Misbranded Foods

Title 21, United States Code, Section 331(a)

*Max. Penalty:    3 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: _____UNITED SEAFOOD IMPORTS, INC._____

Case No: _____

**COUNT 1:**

Conspiracy to Falsely Label and Misbrand Food

Title 18, United States Code, Section 371

*Max. Penalty:   Fine of $500,000

**COUNTS 2-14:**

False Labeling of Seafood

Title 16, United States Code, Section 3372(d)(2)

*Max. Penalty:   Fine of $500,000

**COUNTS 15-24:**

Misbranded Foods

Title 21, United States Code, Section 331(a)

*Max. Penalty:   Fine of $500,000

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**